**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**VERSACE ALAN SCOTT**                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:24-CV-P11-JHM**

**KENNETH WILLIAMS**                                                                    **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff Versace Alan Scott brings this action against Logan County District Court Judge Kenneth Williams in both his official and individual capacities.

Plaintiff makes the following allegations in the complaint:

I am sueing Judge Kenneth Williams for wrongful imprisonment and failure to report my attempted murder two different attempted murders and 3 wrongful imprisonment  Seth Whittaker was a Russellville Police Office who was on my First Attempted Murder where Drug Task Force ran me over with intent to kill me and I reported that to FBI Seth then had me locked up on fake charges in Kenneth Williams court room on false charges I told County Attorneys and legal aides and Kenneth Williams.  They were retaliation charges for reporting my attempted murder to FBI  The Court told my attorney [] they thought I was crazy sent me to mental hospital where I was found competent  Judge Williams failed to report these allegations to the sheriff or FBI I have a open case with after release from wrongful imprisonment first time a year later I was kidnaped by the Logan County Sheriff Department and my second attempted murder occurred when Deputy kidnapped me brought me to jail booked on fake charges as retaliation and was handcuffed beaten and pepper sprayed and sliced with a knive 7 times to the bone with intent to kill me for reporting them to FBI the first time.  Judge Williams is getting sued for failure to report felony attempted murder and wrongful imprisonment 3 times and both attempted murders and leaving my life in danger.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).   Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  Official-Capacity Claim

Plaintiff's official-capacity claim against Judge Williams, who is a state official, fails for two reasons. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state official in his official capacity, Plaintiff fails to state a cognizable claim under § 1983. Plaintiff's official-capacity claim against Judge Williams also fails because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are therefore barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Accordingly, Plaintiff's official-capacity claim against Judge Williams must be dismissed for seeking damages from a Defendant immune from such relief and for failure to state a claim upon which relief may be granted.

### B.  Individual-Capacity Claim

Judges are also entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)).  Judicial immunity from suit can be overcome in two situations.  A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

To the extent that Plaintiff is suing Judge Williams for wrongfully imprisoning him, Judge Williams is entitled to judicial immunity because this action would have been taken in his judicial capacity in a case over which he had jurisdiction.  *See, e.g.*, *Gipson v. Hamilton Cnty. Court of Common Pleas*, No. 1:22-CV-764, 2023 U.S. Dist. LEXIS 115604 (S.D. Ohio July 5, 2023) (adopting Magistrate Judge's Report and Recommendation that an unlawful imprisonment claim against a judge must be dismissed on the basis of judicial immunity); *Kenney v. Bates*, No. 3:22 CV 1923, 2023 U.S. Dist. LEXIS 17922, at *3-4 (N.D. Ohio Feb. 2, 2023) (dismissing claims against judge challenging lawfulness of state-court conviction and imprisonment on the basis of judicial immunity).

Moreover, the Court need not determine whether Judge Williams is entitled to judicial immunity for his alleged failure to report Plaintiff's attempted murder and imprisonment to the FBI because Plaintiff points to no federal law or constitutional rule which this alleged failure to report violates, as § 1983 requires.

Thus, the Court will dismiss Plaintiff's individual-capacity claims against Judge Williams for failure to state a claim upon which relief may be granted.

**IV.**

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: January 10, 2024

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:      Plaintiff, *pro se*
4414.011